Ms. Noreen Dreyer Martin County Attorney 2401 Southeast Monterey Road Stuart, Florida 34996
Dear Ms. Dreyer:
You ask substantially the following question:
Does section 373.414(1)(b), Florida Statutes, prohibit a local government from prohibiting development of wetland areas under its county comprehensive growth management plan when the water management district or the Department of Environmental Protection has granted a permit that would allow development of the wetlands subject to mitigation requirements?
In sum:
Section 373.414(1)(b), Florida Statutes, does not preempt the ability of a local government to prohibit development of wetland areas under the county comprehensive growth management plan when the Department of Environmental Protection or the appropriate water management district has issued a permit allowing development of wetlands subject to mitigation requirements.
You state that the Martin County Comprehensive Growth Management Plan prohibits the alteration and development of viable wetland areas except in certain circumstances. Such circumstances include, for example, when no upland alternative exists, for certain riparian uses, and to avoid a total taking of property.
A question has arisen as to whether section 373.414(1)(b), Florida Statutes, preempts a local government from prohibiting the development of wetland areas if the Department of Environmental Protection (department) or the appropriate water management district (district) has issued a permit allowing development in the wetland area subject to mitigation requirements.
Section 373.413(1), Florida Statutes, provides that with certain exceptions, the department or governing board of a district may require permits and impose such reasonable conditions as are necessary to assure that the construction or alteration of any stormwater management system, dam, impoundment, reservoir, appurtenant work, or works will adhere to the provisions of Part IV, Chapter 373, Florida Statutes, and rules adopted thereunder and will not be harmful to the water resources of the district. Persons seeking to construct or alter such a system are required to apply to the department or governing board of the district.[1]
Provisions for mitigation and mitigation banking are provided in section 373.4135, Florida Statutes, as means of offsetting or minimizing the adverse impacts of such construction or alteration. Section 373.414(1)(b), Florida Statutes, which provides additional criteria for such activities in surface waters and wetlands, states in pertinent part:
If mitigation requirements imposed by a local government for surface water and wetland impacts of an activity regulated under this part cannot be reconciled with mitigation requirements approved under a permit for the same activity issued under this part, the mitigation requirements for surface water and wetland impacts shall be controlled by the permit issued under this part.
While there are provisions in Part IV, Chapter 373, Florida Statutes, that are preemptive, nothing in section 373.414, Florida Statutes, indicates an intent to preempt local governments from prohibiting or regulating the development of wetlands or from imposing mitigation requirements when such development is permitted. The language of section 373.414, Florida Statutes, itself recognizes that the statute is not preemptive by stating that those local mitigation requirements that cannot be reconciled with the requirements of the Part IV, Chapter 373, Laws of Florida, must give way to the state requirements.[2]
In contrast, for example, section 373.421, Florida Statutes, which provides methods for delineating wetlands, specifically states:
Subsequent to legislative ratification, the wetland definition in s. 373.019(17) and the adopted wetland methodology shall be binding on the department [of Environmental Protection], the water management districts, local governments, and any other governmental entities. Upon ratification of such wetland methodology, the Legislature preempts the authority of any water management district, state or regional agency, or local government to define wetlands or develop a delineation methodology to implement the definition and determines that the exclusive definition and delineation methodology for wetlands shall be that established pursuant to s. 373.019(17) and this section. . . .[3]
No such preemptive language exists in section 373.414, Florida Statutes, nor does the statute or chapter appear to be so pervasive as to completely occupy the field, thereby preventing local regulation.[4] In fact, with certain exception such as section373.421, supra, Part IV, Chapter 373, Florida Statutes, appears to contemplate the existence of local regulations.[5]
According to your letter, the county's growth management plan prohibits the development of wetlands with certain limited exceptions. The purpose of the growth management plan is to guide and control future development.[6] Such a plan is necessary so that local governments can preserve and enhance present advantages and encourage the most advantageous use of land, water and resources, consistent with the public interest.[7] Section163.3167(1), Florida Statutes, in setting forth the scope of the Local Government Comprehensive Planning and Land Development Regulation Act, states that counties have the power and responsibility, among other things, "[t]o plan for their future development and growth" and "[t]o adopt and amend comprehensive plans, or elements or portions thereof, to guide their future development and growth." Among the elements required of such a plan is:
A conservation element for the conservation, use, and protection of natural resources in the area, including air, water, water recharge areas, wetlands, waterwells, estuarine marshes, soils, beaches, shores, flood plains, rivers, bays, lakes, harbors, forests, fisheries and wildlife, marine habitat, minerals, and other natural and environmental resources. . . . The land use map or map series in the future land use element shall generally identify and depict the following: 1. Existing and planned waterwells and cones of influence where applicable. 2. Beaches and shores, including estuarine systems. 3. Rivers, bays, lakes, flood plains, and harbors. 4. Wetlands. 5. Minerals and soils. . . .[8]
I find nothing in section 373.414(1)(b), Florida Statutes, that seeks to alter the power of a local government pursuant to its comprehensive plan to control growth and development within its boundaries. Rather, the provisions of section 373.414, Florida Statutes, would appear to apply only to those instances in which development of wetlands is permitted subject to mitigation.
Section 373.441(1)(e), Florida Statutes, provides that the Department of Environmental Protection, after consultation with the water management districts, adopt rules by December 1, 1994, to guide the participation of counties, municipalities, and local pollution control programs in an efficient system. Thus, the statute requires that provisions be made for ensuring the consistency of permit applications with local comprehensive plans. In addition, section 373.441(2), Florida Statutes, provides that "[n]othing in this section affects or modifies land development regulations adopted by a local government to implement its comprehensive plan pursuant to chapter 163."
Section 373.414(1)(b), Florida Statutes, thus appears to apply when local government regulations permit the development of wetlands and there is a conflict between state and local mitigation requirements. In such cases, the state mitigation requirements will prevail over any mitigation requirements adopted by the local government that cannot be reconciled with those of Part IV, Chapter 373, Florida Statutes. Where, however, as in the instant inquiry, development of wetlands is not permitted under the local government's comprehensive growth plan, the statute would appear to be inapplicable.
Accordingly, I am of the opinion that section 373.414, Florida Statutes, does not prohibit a local government from prohibiting development of wetland areas under its comprehensive growth management plan.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 373.413(2), Fla. Stat. (1993).
[2] And see, s. 373.430(1)(b), Fla. Stat. (1993) (it shall be a violation of Part IV, Chapter 373, and it shall be prohibited for any person to, among other things, fail to comply with any rule, regulation, order or permit issued by local government pursuant to their lawful authority under Part IV, Chapter 373).
[3] Section 373.421(1), Fla. Stat. (1994 Supp.).
[4] See, Hillsborough County v. Florida Restaurant Association, Inc. 603 So.2d 587 (Fla. 2d DCA 1992), in which the court recognized two types of preemption, an express preemption by a specific statement of preemption and an implied preemption whereby the legislative scheme must be so pervasive that it completely occupies the field.
[5] See, e.g., s. 373.414, Fla. Stat. (1994 Supp.) (in the event of a conflict between local and state mitigation requirements, the state requirements will control); s. 373.430(1)(b), supra; s.373.441(1)(b), Fla. Stat. Cf., s. 373.023, Fla. Stat., stating that all the waters of the state are subject to the provisions of the chapter unless exempted by law and that no state or local government agency may enforce, except as to water control, and rule or order affecting such waters unless such rule or order has been filed with the department except as provided therein.
[6] See, s. 163.3161(2), Fla. Stat. (1993), setting forth the intent and purpose of the Local Government Comprehensive Planning and Land Development Act.
[7] Section 163.3161(3), Fla. Stat. (1993).
[8] Section 163.3177(6)(d), Fla. Stat. (1993).